UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AMANDA GOFF individually and as next friend of [initials and initials] and as representative of the Estate of DEVISON SERGIO JUSTINO, deceased § § § § § § Plaintiff, § § V. § § DONALD CURRIER D/B/A D& S § BOAT RENTALS and § STANLEY ALEXANDER § § § Defendants. § | CASE NO: _____ [JURY] |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Amanda Goff individually and as next friend of G.S. and K.S. and as representative of the Estate of Devison Sergio Justino ("Plaintiff") brings this action against Donald Currier D/B/A/ D&S Boat Rentals and Stanley Alexander ("Defendants") and would show the Court as follows:

**I. Jurisdiction and Venue**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court because a substantial part of the events giving rise to this lawsuit occurred in this district and because one or more defendants reside in this district. 28 U.S.C. § 1391.

**II. Parties**

3. Plaintiff Amanda Goff individually and as next friend of her minor children G.S.

and K.S. resides with her minor children in Arkansas and is a citizen of the State of Arkansas.

4. Defendant Donald Currier D/B/A/ D&S Boat Rentals is a Texas citizen with his principal office in Marion County, Texas. He can be served at his residence, 8921 FM 729, Avinger, TX 75630.

5. Defendant Stanley Alexander is a resident of Gregg County, Texas. He can be served at his residence, 109 Hiett Ln., Longview, Texas 75606.

### III. Facts

6. Plaintiff, Amanda Goff, was invited to enjoy a weekend with her husband, Devison Sergio Justino, and her two minor children G.S. and K.S. aboard the Jolly Green Giant a vessel used for recreation on Lake O' the Pines. Defendant Stanley Alexander was retained to act as the master of the vessel by Defendant Donald Currier. Defendant Donald Currier is the owner of the vessel.

7. Alexander relocated the vessel to a deep part of the lake that Alexander indicated would be safe for swimming. However, the current at the location made the location an unsafe place to swim. In addition, the vessel lacked an accessible lifebuoy, a critical piece of life-saving equipment.

8. Goff's husband, Devison Sergio Justino, jumped into the lake to retrieve an item that had fallen from the boat. Although there was a dangerous current, Defendant Alexander never warned Justino about that danger nor did Defendant Alexander require, or even advise, Justino and others to utilize life vests in light of the dangerous conditions.

9. Justino was pulled under the water and drowned while Goff, his wife, swam out to try to save him. There was no lifebuoy available to throw to Justino. Goff's minor children watched their father drown and nearly watched their mother, Goff, drown as she tried to save Justino.

10. While Justino and Goff were drowning, Alexander failed to take any action to

attempt to save them despite having placed them in the dangerous situation.

## V. Causes of Action

        A.     *Negligence/Negligent Undertaking/Failure to Render Aid when Required*

11. Plaintiff incorporates the allegations above as if fully set forth herein.

12. Defendants were negligent and grossly negligent when they:

    a. Failed to equip the vessel with appropriate life-saving equipment;

    b. Placed Plaintiff, her children, and Justino in a life-threatening situation without taking adequate steps to mitigate the danger and without warning of the danger;

    c. Indicated that the location where Justino drowned was safe for swimming when it was not;

    d. Failed to provide adequate training and instruction to Alexander;

    e. Failed to properly identify dangerous conditions before representing swimming would be safe;

    f. Failed to require the use of life-preservers in light of the known dangers; and

    g. Caused the occurrence;

13. Defendants were also negligent per se because the above conduct violates state laws and federal regulations intended to prevent the types of harms suffered by Plaintiffs.

14. The above cited acts of negligence were the cause of the accident.

15. As a result of the accident, Plaintiffs have suffered damages as set forth below. Defendants' acts were done with reckless disregard of an objectively grave risk taking into account both the probability of the harm and the severity of the harm.

16. At all relevant times, Defendant Alexander was acting in the course and scope of his employment for Donald Currier D/B/A/ D&S Boat Rentals, engaged in furtherance of Donald

Currier D/B/A/ D&S Boat Rentals's business, and/or accomplishing a task for Donald Currier D/B/A/ D&S Boat Rentals. As such, Defendant Donald Currier D/B/A/ D&S Boat Rentals is liable for Defendant Alexander's acts and omissions which caused the occurrence in question.

B.   *Negligent Hiring, Retention, Supervision, Monitoring, Training, and Entrustment Against Donald Currier D/B/A/ D&S Boat Rentals*

17. Plaintiff incorporates the allegations above as if fully set forth herein.

18. Donald Currier D/B/A/ D&S Boat Rentals must exercise reasonable care in hiring, retaining, supervising, monitoring and training the masters of its vessels. Further, Donald Currier D/B/A/ D&S Boat Rentals must not entrust its vessel to an incompetent master. Donald Currier D/B/A/ D&S Boat Rentals failed to comply with these obligations when:

   a. Failed to conduct an adequate pre-employment interview to assess the Alexander's ability to operate a vessel safely, properly instruct passengers, provide appropriate aid, and enforce necessary safety procedures and protocols;

   b. Failed to conduct a reasonable background check;

   c. Failed to properly instruct the master in company and industry safety policies and procedures;

   d. Failed provide appropriate safety training with regard to the operation of the vessel and the risks inherent in the area where the vessel would operate;

   e. Failed to monitor the master to ensure appropriate safety policies were enforced and to ensure the master was complying with company policies, procedures, and state and federal law;

   f. Provided a vessel to a master who did not have the proper education, background, training and/or experience to safely operate the vessel and

    was incompetent; and

  g. Other acts deemed negligent and grossly negligent.

19. These acts and omissions were the cause of the accident made the basis of this Petition. These acts and omissions were carried out when the company knew, or should have known, that these acts and omissions would lead to an accident.

20. As a result of these acts and omissions, Plaintiffs have suffered the damages described below. These acts and omissions were done with reckless disregard of an objectively grave risk taking into account both the probability of the harm and the severity of the harm.

## VI. WRONGFUL DEATH DAMAGES

21. Plaintiffs incorporate and re-allege the preceding paragraphs as if fully set forth herein

22. At the time of his death Devison Sergio Justino was married to Amanda Goff, and they were happy. They had two young children who are also Plaintiffs herein. Mr. Justino's life was tragically cut short as a result of Defendants' negligence. Mr. Justino was the primary income earner for the family. Before his death, Devison Sergio Justino was healthy and able to provide for his family's physical needs as well as their emotional and spiritual needs. He will be gravely missed.

23. In addition to leaving a loving wife, Devison Sergio Justino's sudden, unexpected and preventable death left Plaintiffs G.S. and K.S. without a father.

24. As a direct and proximate result of the negligence of Defendant, as described above, there has been a sudden and unexpected severance of the marital, familial, and parental relationship between Plaintiffs and Devison Sergio Justino.

25. Plaintiffs specifically request the Court and Jury to determine the amount of loss incurred, not only from a financial standpoint, but also in terms of mental anguish and freedom from grief and worry. From the date of the incident in question to the time of the trial of this

case and then into the future, the elements of damage to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs include:

A. the mental anguish Plaintiffs have suffered in the past and in the future;

B. the amount of reasonable medical expenses necessarily incurred in the past and in the future for the treatment of Plaintiffs' mental pain and anguish;

C. Plaintiffs' past and future loss of companionship and society including, but not limited to, the loss of the positive benefits flowing from the love, comfort, companionship, and society that the deceased's widow and children, in reasonable probability, would have received from decedent had he lived.

D. Plaintiffs' loss of inheritance;

E. Plaintiffs' pecuniary losses, including, but not limited to the loss of the care, maintenance, support, services, advice, counsel, that Plaintiffs in reasonable probability, would have received from decedent had he lived.

## VII. Survival Damages

26. Plaintiffs incorporate and re-allege the preceding paragraphs as if fully set forth herein

27. Devison Sergio Justino died as a direct and proximate result of Defendants negligence. Prior to his death, Justino suffered physical pain, mental anguish, and trauma for which his estate now sues.

28. In addition, the Estate of Devison Sergio Justino suffered funeral and burial expenses, medical bills, and emergency transport costs as a result of the incident.

29. In addition, as indicated above, the above acts constitute gross negligence for which exemplary damages are recoverable.

30. As representative of the estate, Amanda Goff brings the above claims on behalf of the estate for the compensatory damages and for exemplary damages.

## IVIII. Jury Demand

31.     Plaintiff hereby demands a jury trial.

## IX. Prayer

32.     Plaintiff prays that summons issue and be served upon Defendants requiring them to appear and answer.  Plaintiff seeks damages in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000, pre-judgment and post-judgment interest, court costs, and all such other relief to which Plaintiff shows himself justly entitled.


Respectfully submitted,

By: */s/ Cesar Tavares*
**CESAR TAVARES**
State Bar No. 24093726
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 230-2326 – Telephone
(713) 643-6226 – Facsimile
PIdept@williamskherkher.com


**GREGORIO, CHAFIN, JOHNSON, POOLSON & TABOR, LLC**

*/S/ Julie Payne Johnson*
_____
**JULIE PAYNE JOHNSON**
Texas Bar Roll No. 24046601
7600 Fern Avenue, Building 700
Shreveport, LA 71105
Telephone:     (318) 865-8680
Facsimile:      (318) 865-8565
JJohnson@GCJ-Law.com


*Attorneys for Plaintiffs*